UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL SHOPMEN PENSION FUND, *et al*,

    Plaintiff,

       v.

BUILDERS METAL SUPPLY, INC.,

    Defendant.

**Civil Action No. 13-1389 (CKK)**

**MEMORANDUM OPINION**
(June 3, 2014)

The National Shopmen Pension Fund ("the Fund") and its Trustees, Walter Wise and Timothy O'Connell (collectively, "Plaintiffs") filed suit against Builders Metal Supply, Inc. seeking legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Plaintiffs allege that Defendant failed to submit remittance reports and contributions to the Fund for the months of June 2012 through August 2013. Compl. ¶ 12. Plaintiffs seek to recover unpaid contributions, liquidated damages, interest, and attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(D) and a collective bargaining agreement. Although properly and timely served, Defendant has failed to respond to Plaintiffs' lawsuit, and the Clerk of the Court, upon request by Plaintiffs, has since entered default against Defendant. *See* Clerk's Entry of Default, ECF No. [9]. Presently before the Court is Plaintiffs' [11] Motion for Default Judgment. Having considered Plaintiffs' Complaint, Plaintiffs' submissions and attachments thereto, the applicable case law, statutory authority, and

the record of the case as a whole, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' [11] Motion for Judgment by Default, for the reasons stated below.

## I. BACKGROUND

Plaintiff National Shopmen Pension Fund is a multiemployer employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37), and a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c). Compl. ¶ 3. Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. *Id.* Plaintiffs Walter Wise and Timothy O'Connell are Trustees of the Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). *Id.* ¶ 4.

On September 12, 2013, Plaintiffs filed a Complaint against Defendant Builder Metal Supply, Inc. At all times relevant to Plaintiffs' Complaint, Defendant employed employees represented for the purposes of collective bargaining by Shopmen's Local Union No. 468 of the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers. *Id.* ¶ 6. Defendant and Local 468 were parties to and bound by a Collective Bargaining Agreement ("CBA"). *Id.* ¶ 7. The CBA obligates Defendant to make monthly contributions to the Fund on behalf of Defendant's employees for all hours of work covered by the CBA and to submit monthly remittance reports to the Fund showing the hours paid to each employee covered by the CBA for the month. *Id.* ¶ 8. Plaintiffs allege in their Complaint that for the months of June 2012 through August 2013, Defendant failed to pay the Fund an estimated amount of

$9,585.00 in required contributions owed under the terms of the CBA and the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"). *Id.* ¶ 11. Defendant also failed to produce the remittance reports for the same time period. *Id.* ¶ 12. Plaintiff further alleges that pursuant to the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant owes the Fund interest on the delinquent contributions at the rate specified under Internal Revenue Code Section 6621, liquidated damages equal to the greater of the interest or 20% of the contributions, and reasonable attorneys' fees and costs of this action. *Id.* ¶ 13.

Defendant was served with the Complaint on September 18, 2013. *See* Cert. of Service, ECF No. [5]. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant was required to file an answer or otherwise respond to the Amended Complaint by no later than October 9, 2013. Defendant failed to do so, however, and, at Plaintiffs' request, the Clerk of the Court entered default against Defendant on November 1, 2013. *See* Clerk's Entry of Default, ECF No. [9]. Subsequently, Plaintiffs filed the now-pending Motion for Default Judgment. *See* Pl.s' Mot. for Def. J., ECF No. [11]. In their motion, Plaintiffs move for default judgment seeking judgment for $17,419.72 in delinquent contributions, interest, liquidated damages, and attorneys' fees and costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether

default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall*, 531 F. Supp. 2d at 57 (citation omitted).

### III. DISCUSSION

The Clerk of the Court entered a default as to Defendant on November 1, 2013, therefore the factual allegations in the Complaint are taken as true. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The Court finds that Plaintiffs' Complaint sufficiently alleges facts to support their claims. Plaintiffs are thus entitled to default judgment as to Defendant's liability for its failure to pay certain charges in connection with late contributions, and for its failure to submit remittance reports and contributions for June 2012 through August 2013.

While the entry of default establishes Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F. Supp. 2d 89, 94 (D.D.C. 2011) (citing *Adkins v. Teseo*, 180 F. Supp. 2d. 15, 17 (D.D.C. 2001)). Under section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to

make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of —
>
>> (i) interest on the unpaid contributions; or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

*Id.* § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.* In addition to the remedies available under ERISA, a benefit trust fund may, as a third-party beneficiary, recover for breach of a collective bargaining agreement under 29 U.S.C. § 185(a). *See Hudson County Carpenters Union Local Union No. 6. v. V.S.R. Constr. Corp.,* 127 F.Supp.2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § 515 and a violation of LMRA § 301 [29 U.S.C. § 185]."); *see also Bugher v. Feightner,* 722 F.2d 1356, 1357–60 (7th Cir. 1983) (explaining that ERISA remedies are intended to supplement rather than supersede rights existing under 29 U.S.C. § 185(a)).

Plaintiffs have provided the Court with affidavits to support a damages award of $17,419.72, including attorneys' fees and costs. As set forth in the Declaration of A.H. Higgs, Jr., Administrator for the Fund, Plaintiffs have calculated that Defendant owes $6,695.07 in unpaid contributions for the period of June 2012 through March 2013. *See* Higgs Decl., Pl.'s Mot. Ex. A, ECF No. [11-2], ¶ 9; *see also* Pl.'s Mot. Ex. 5. Because Defendant failed to submit remittance reports to the Fund for the period of April 2013 through September 2013, Plaintiffs estimated that Defendant owes $3,834 in unpaid contributions for this period based on "the highest amount of hours reported to the Fund in any month during the preceding 12-month period multiplied by the applicable contribution rate." Higgs Decl. ¶ 9; *see also* Pl.'s Mot. Ex. 5. The Court approves this calculation as a reasonable estimate of the unpaid contributions. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Advanced Pro Painting Servs.,* 697 F.Supp.2d 112, 116–17, (D.D.C. 2010) (accepting plaintiffs estimate of damages based on an average of unpaid contributions reported in previous two months); *Flynn v. Extreme Granite, Inc.,* 671 F.Supp.2d 157, 162 (D.D.C. 2009) ("In light of the defendant's failure to provide periodic reports or allow the plaintiffs access to the defendant's books and records, the court accepts the plaintiffs' estimation of delinquent contributions as both reasonable and as accurate as possible under the circumstances."); *R.W. Amrine Drywall Co.,* 239 F.Supp.2d at 31–32 (granting request for damages based in part on estimates of money owed based on prior remittance reports). As Defendant made a partial payment of $1,000 towards the delinquent contributions after this suit was filed, *see* Higgs Decl. ¶ 12, the Court finds that Plaintiffs should be granted default judgment in the amount of $9,529.07 in unpaid contributions.

In addition, Plaintiffs have adequately demonstrated that Defendant owes interest on the unpaid amounts through October 31, 2013, in the amount of $211.49, based on the total amount

of unpaid contributions indicated above and the Internal Revenue Service interest rate of 3% per year as provided in the Trust Agreement and the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy"). Higgs Decl. ¶ 8; *see also* Pl.'s Mot. Ex. 1 (Trust Agreement), ECF No. [11-3], at 36; Pl.'s Mot. Ex. 2 (Collection Policy), ECF No. [11-4], at 6. Plaintiffs have also adequately demonstrated that they are entitled to liquidated damages in the amount of twenty percent of the total unpaid contributions, as provided for both in 29 U.S.C. § 1132(g)(2) and the Trust Agreement and Collection Policy, which equals $2,105.81. Higgs Decl. ¶ 8; *see also* Pl.'s Mot. Ex. 1 (Trust Agreement), at 36; Pl.'s Mot. Ex. 2 (Collection Policy), at 6.

Finally, Plaintiff requests an award of attorneys' fees and costs in the amount of $5,573.35. Pl.'s Mot. at 6. ERISA provides that the defendant must pay the reasonable attorney's fees and costs incurred by the plaintiff in an action seeking delinquent contributions. 29 U.S.C. § 1132(g)(2)(D). Plaintiff provides a declaration from Marc H. Rifkind, counsel retained by the Trustees of the Fund to collect delinquent contributions owed to the Fund, in which Mr. Rifkind avers to the amount of attorneys' fees and costs attributable to this matter. Rifkind Decl. ¶ 3, Pl.'s Mot. Ex. 3, ECF No. [11-8]. However, Mr. Rifkind only provides the names and titles of individuals who worked on this matter and their regular hourly rates before declaring the total amount of attorneys' fees and costs. Mr. Rifkind does not specify, nor provide any documentation supporting, the number of hours each individual worked on this matter. Mr. Rifkind also does not identify or itemize the costs allegedly incurred. Consequently, the Court does not have any basis on which to make an independent determination of the amount of attorneys' fees and costs to be awarded. Moreover, the Court cannot determine the reasonableness of the fees requested by Plaintiff from the limited information Mr. Rifkind provided. "Without additional information as to the experience of each attorney at issue, as well

as the work performed by each attorney for specific periods of time, the Court cannot determine whether the rates and hours billed by the Plaintiffs' attorneys were reasonable." *SEIU v. Artharee*, 942 F.Supp.2d 27, 31 (D.D.C. 2013).  In its discretion, the Court declines to enter a default judgment for attorneys' fees and costs absent documentation of the hours each attorney worked on this matter, the specific costs incurred by the attorneys, and the reasonableness of their fees.  Accordingly, the Court shall deny Plaintiffs' motion for attorneys' fees and costs without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs provided sufficient documentation to support their request for damages, but failed to provide the documentation necessary to support their request for attorneys' fees and costs.  Accordingly, Plaintiffs' [18] Motion for Default Judgment is GRANTED IN PART and DENIED IN PART as set forth above.  The Court enters judgment for the Fund in the amount of $11,846.37.

An appropriate Order accompanies this Memorandum Opinion.

                                             /s/

                                           **COLLEEN KOLLAR-KOTELLY**
                                           UNITED STATES DISTRICT JUDGE